IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03371-PAB-NRN

TEDDY T. PITTMAN,

Plaintiff,

v.

TIM KING, in his individual capacity;
GRETA SALAZAR, in her individual capacity;
SCOTT BAKER, in his individual and official capacities;
CITY OF AURORA, a municipality;
LIEUTENANT BELL, in his individual capacity;
G. MAHR, JR., in his individual capacity;
DEAN WARREN, in his individual capacity,

Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE BY DEFENDANT DEAN WARREN AND THE COLORADO DEPARTMENT OF CORRECTIONS AND DEFENDANT JOEL BELL
(ECF No. 170)**

---

**N. REID NEUREITER
United States Magistrate Judge**

This 42 U.S.C. § 1983 case is before the Court on Plaintiff Teddy Pittman's Motion for Sanctions for Spoliation of Evidence by Defendant Dean Warren and the Colorado Department of Corrections ("CDOC") and Defendant Joel Bell ("Motion for Sanctions"). ECF No. 170. Defendant Dean Warrant filed a response, ECF No. 178, as did Defendants Lieutenant Joel Bell and Glenn Mahr, Jr. ("Denver Defendants"), ECF

No. 179. Plaintiff, who now proceeds pro se,[1] filed a reply on October 18, 2024. ECF No. 209.

The Court has taken judicial notice of the docket and considered the applicable Federal Rules of Civil Procedure and case law. Now, being fully informed and for the reasons discussed below, the Court **ORDERS** that the Motion for Sanctions (ECF No. 170) is **DENIED**.

## BACKGROUND

The Court has summarized Plaintiff's allegations on numerous occasions, *see* ECF Nos. 52, 68, 149, and will repeat them here only as necessary. Briefly, Plaintiff alleges that on April 24, 2020, Defendants pulled him over with their guns drawn, ordered him to lay flat on the ground and crawl towards them, and left him handcuffed for approximately an hour while they performed several searches of Plaintiff and his vehicle without his consent. Plaintiff had no outstanding warrants, and the citations he received during the traffic stop were later dismissed. Plaintiff alleges that the illegal search and seizure was performed at the behest of Defendant Warren, a CDOC fugitive apprehension unit investigator. Warren was looking for an African American fugitive named Brandon Holland and, via a "ping" on Holland's phone, Warren was receiving real-time location data by email from T-Mobile. Even though Plaintiff did not match Holland's description (other than his race and sex), officers pulled him over and subjected him to the above use of force. In the subject motion, Plaintiff states that although he had several phones on him at the time, police did not confiscate or

---

[1] Plaintiff's counsel was given leave to withdraw on July 22, 2024, ECF No. 193, after the subject motion was filed.

2

otherwise determine whether any of the phones was the one they had been tracking. Plaintiff brings claims for relief under the Fourth and Fourteenth Amendments.

## THE MOTION FOR SANCTIONS

Plaintiff filed the Motion for Sanctions on April 22, 2024. ECF No. 170. He claims that the T-Mobile location data emails Warren received on April 24, 2020 had been deleted. Plaintiff's attempts to retrieve the information from T-Mobile and the Jefferson County Court were unsuccessful, the latter because Warren did not file an inventory and return as required by Colorado law.

Plaintiff claims that Warren had a duty to preserve the emails and his failure to do so was intentional and prejudicial to Plaintiff. Plaintiff further argues that Defendant Bell had a duty to ensure that the location data was preserved because he was in charge of the stop and the location data was the reason the stop was performed.

Plaintiff seeks two remedies. First, "that all evidence of the location data claimed to have established a correlation between Plaintiff and the target phone Warren was searching for" be excluded, both at the summary judgment stage and at trial. Second, that the jury be instructed that the evidence was intentionally destroyed by Warren and that Bell did not order that the evidence be preserved.

## LEGAL STANDARDS

"Spoliation" is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.,* 244 F.R.D. 614, 620 (D. Colo. 2007). To obtain sanctions for spoliation of evidence, a movant must first show "(1) a party ha[d] a duty to preserve evidence because it knew, or should

3

have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence." *Burlington N. & Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1032 (10th Cir. 2007). When the alleged spoliation involves electronically stored information ("ESI"), Rule 37(e) of the Federal Rules of Civil Procedure governs. That Rule provides:

> (e) Failure to Preserve Electronically Stored Information. If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
> (A) presume that the lost information was unfavorable to the party;
>
> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>
> (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e)(1)–(2). Thus, there are four triggers necessary to a finding of spoliation: "(1) the party had a duty to preserve ESI; (2) the party failed to take reasonable steps to preserve it; (3) the ESI was lost as a result of the party's failure to take reasonable preservation steps; and (4) the ESI cannot be restored or replaced with additional discovery." *Harriman v. Smart*, No. 1:22-cv-01883-SKC, 2024 WL 3900263, at *1–2 (D. Colo. Aug. 21, 2024) (citing Fed. R. Civ. P. 37(e)(1)).

Plaintiff, as the moving party, has the burden of proving, by a preponderance of the evidence, Defendants failed to preserve evidence or destroyed it. *Zbylski v. Douglas Cty. Sch. Dist.*, 154 F. Supp. 3d 1146, 1160 (D. Colo. 2015). If he meets that burden,

4

"[d]istrict courts have 'substantial weaponry' in their arsenal to shape the appropriate relief for a party's spoliation of evidence." *Helget v. City of Hays, Kan.*, 844 F.3d 1216, 1225–26 (10th Cir. 2017) (citations omitted). Among the options, a court may strike witnesses, *103 Inv'rs I, L.P. v. Square D Co.*, 470 F.3d 985, 988 (10th Cir. 2006); issue an adverse inference, *Henning v. Union Pac. R.R. Co.*, 530 F.3d 1206, 1219–20 (10th Cir. 2008); exclude evidence, *see Jordan F. Miller Corp. v. Mid–Continent Aircraft Serv., Inc.*, 139 F.3d 912 (10th Cir. 1998) (unpublished); or, in extreme circumstances, dismiss a party's claims, *id*. As noted above, if the aggrieved party seeks an adverse inference to remedy the spoliation, it must also prove intent or bad faith. Fed. R. Civ. P. 37(e)(2)(A); *Turner v. Pub. Serv. Co. of Colo.*, 563 F.3d 1136, 1149 (10th Cir. 2009). "Mere negligence in losing or destroying records is not enough because it does not support an inference of consciousness of a weak case." *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1407 (10th Cir.1997). When deciding the appropriate sanction for a party's spoliation of evidence, "courts have considered a variety of factors, two of which generally carry the most weight: (1) the degree of culpability of the party who lost or destroyed the evidence, and (2) the degree of actual prejudice to the other party." *Jordan F. Miller*, 139 F.3d 912 (citing *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 79 (3d Cir. 1994)). "[A] court should impose the least onerous sanction that will remedy the prejudice and, where applicable, punish the past wrongdoing and deter future wrongdoing." *Id.*

## ANALYSIS

There is no dispute that the T-Mobile location data emails were not preserved by Warren and that Plaintiff is unable to obtain them via other means. Instead, the

5

dispositive question before the Court is whether this litigation was imminent or reasonably foreseeable such that Warren and/or Bell had an obligation to save the emails as evidence. The answer is no.

"[W]hile the duty to preserve evidence is often triggered by the filing of a lawsuit . . ., th[e] duty may arise earlier if a party knows or should have known that the material may be relevant to future litigation." *Zbylski*, 154 F. Supp. 3d at 1163 (quotation omitted). "Although the analysis focuses on whether litigation was reasonably foreseeable, 'courts may consider whether there was an independent requirement that the lost information be preserved' pursuant to 'statutes, administrative regulations, an order in another case, or a party's own information-retention protocols.'" *McGee v. Pacheco*, No. 20-cv-00328-CMA-STV, 2021 WL 2104831, at *5 (D. Colo. May 25, 2021) (alterations omitted) (quoting Fed. R. Civ. P. 37, 2015 Advisory Committee Notes). But "[t]he fact that a party had an independent obligation to preserve information does not necessarily mean that it had such a duty with respect to the litigation." *Id.*

"In determining whether a party's duty to preserve has been triggered, courts evaluate facts such as the likelihood that a certain kind of incident will result in litigation; the knowledge of certain employees about threatened litigation based on their participation in the dispute; or notification received from a potential adversary." *Zbylski*, 154 F. Supp. 3d at 1163. Additionally, "[c]ourts have found the duty to preserve to be triggered based on an internal investigation into an incident." *Id.* Ultimately, "a party's duty to preserve arises when it has notice that the [evidence] might be relevant to a reasonably-defined future litigation," *id.*, and "the court's decision must be guided by the facts of each case," *Cache La Poudre Feeds, LLC,* 244 F.R.D. at 621.

6

Weighing these factors, the Court finds that Defendants did not have a duty to preserve the location data emails.

## I. Defendant Warren

As to Defendant Warren, Plaintiff argues that April 24, 2020 stop triggered the duty to preserve evidence. Plaintiff notes that he asked the officers at the scene for their business cards "with the obvious logical deduction that he intended to enforce his civil rights." ECF No. 170 at 11. However, there is no evidence or allegation that Plaintiff asked *Warren* for his business card. Indeed, he identifies Defendants King, Bell, Mahr, and Salazar as the officers from whom he requested cards, and admits that "Warren is not standing in the immediate presence of Plaintiff during this interaction." *Id.* His claim that it is "impossible" that Bell would not have mentioned to Warren that Plaintiff was asking for business cards is wholly conclusory. Thus, even if Plaintiff's requesting the arresting officers' business cards was sufficient to put them on notice of imminent litigation (as discussed below, it was not), Plaintiff's own motion shows that he did not request Warren's business card.

Plaintiff also notes that Warren wrote a report two months after the incident even though he usually only wrote reports when fugitives were arrested and taken to the CDOC, neither of which happened in Plaintiff's case. Plaintiff reasons that there is "enough circumstantial evidence to conclude that the report was written because of defendants knew Plaintiff was initiating civil or administrative action to vindicate his rights." *Id.* at 12. The Court cannot follow Plaintiff in this leap of logic. First, this lawsuit was filed in November 2020, months after the report was written, so there is obvious causation problem, and there is no evidence that Plaintiff took any action to notify the

7

CDOC or Warren that planned on pursuing litigation during this period. Moreover, Plaintiff acknowledges that the CDOC deletes all employees' unsaved or unarchived emails after 30 days. *See id.* at 5. Thus, the emails would have been deleted even before the report was written.

Plaintiff further argues that Warren's "complete circumvention of the legal requirement that he file a return and inventory demonstrates a prima facie case that his intent was to destroy evidence." The Court is not persuaded. The fact that Warren may have had an independent obligation to preserve the emails does not necessarily mean that he had such a duty with respect to *this litigation*, and, as noted above, neither Warren nor his employer had any notice that the location data emails would be relevant to a future lawsuit. Indeed, Warren was not named as a party when this lawsuit was originally filed in November 2020; Plaintiff only sought to add him as a defendant in April 2023, and he was only served on October 16, 2023, years after the traffic stop.

Given all the facts of the case, the Court concludes that Warren was under no obligation to preserve the T-Mobile location data emails and the deletion of said emails was not spoliation of evidence.

## II. Defendant Bell

Turning to Defendant Bell, the Court finds that Plaintiff requesting and receiving Bell's business card after the April 24, 2020 incident was not sufficient to put him on notice that litigation was imminent. "While a party should not be permitted to destroy potential evidence after receiving unequivocal notice of impending litigation, the duty to preserve relevant documents should require more than a mere possibility of litigation." *Cache La Poudre Feeds, LLC,* 244 F.R.D. at 621. Requesting business cards raises

8

nothing more than a mere possibility of litigation, if it does even that. Indeed, Plaintiff points out in his reply that officers are required by law to provide their business card to anyone they detain during a traffic stop. So, a citizen requesting and officer providing a business card, by itself, would not put the officer on notice that civil litigation is imminent.

Plaintiff faces an additional hurdle. The emails in question were in Warren's custody and control, not Bell's. "The duty to preserve relevant evidence must be viewed from the perspective of the party with control of the evidence . . . ." *Alabama Aircraft Indus., Inc. v. Boeing Co.*, 319 F.R.D. 730, 740 (N.D. Ala. 2017), *aff'd*, No. 20-11141, 2022 WL 433457 (11th Cir. Feb. 14, 2022). Thus, "a party only has a duty to preserve evidence within its custody, possession, or control, as that is the only sort of evidence a party *can* preserve." *AXIS Ins. Co. v. Terry*, No. 2:16-CV-01021-JHE, 2018 WL 9943825, at *6 (N.D. Ala. Apr. 23, 2018). Plaintiff has not met his burden in showing that Bell had any authority over Warren. Bell was not Warren's superior, and the two worked for different governmental entities. Under these circumstances, Bell had no duty to preserve the T-Mobile location data collected by Warren. *See Hauck v. Wabash Nat'l Corp.*, No. CV 18-471 KG/LF, 2020 WL 532345, at *7 (D.N.M. Feb. 3, 2020) ("Without custody, possession, or control over the subject semi-trailer, Plaintiff did not have a duty to preserve the subject semi-trailer."); *Barnes v. Harling*, 368 F. Supp. 3d 573, 609 (W.D.N.Y. 2019) (noting that the "obligation to preserve is attendant only upon 'the party having control over the evidence . . . at the time it was destroyed'") (citations omitted); *Smith v. Norcold, Inc.*, No. 13-10841, 2014 WL 5817258, at *6 (E.D. Mich. Nov. 10, 2014) (noting that "duty to preserve evidence does not extend to evidence which is not

9

in a litigant's possession or custody and over which the litigant has no control").

Plaintiff cannot show that Defendants Warren and Bell knew or should have known that litigation was imminent when Warren deleted the emails containing location data. Accordingly, neither Defendant is liable for spoliation sanctions.

## ORDER

For the foregoing reasons, it is hereby **ORDERED** that Plaintiff's Motion for Sanctions for Spoliation of Evidence by Defendant Dean Warren and the Colorado Department of Corrections and Defendant Joel Bell ("Motion for Sanctions"), ECF No. 170, is **DENIED**.

Date: November 22, 2024

_____
N. Reid Neureiter
United States Magistrate Judge